UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH PAPPAS,<br><br>        Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>        Defendant. | Case No. __14-cv-9409-JPO__<br>ECF CASE<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, Ruth Pappas, formerly known as Ruth Pollack, ("Plaintiff"), is a natural person who at all relevant times resided in the State, County, and City of New York.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Convergent Outsourcing, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal telephone services (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated January 16, 2014.

12. A true and accurate copy of the January 16, 2014 letter to Plaintiff is attached to this complaint as Exhibit A.

13. The January 16, 2014 letter stated, in part: "Your settlement amount would be $398.51 to clear this account in full. This amount represents a 35% savings of your total balance."

14. The total balance of the Debt was alleged to be $1,138.61.

15. Plaintiff paid the alleged Debt in or about 1998, and therefore Defendant's representation that Plaintiff owed the Debt is false.

16. Should Plaintiff have accepted Defendant's settlement offer, Defendant's letter did not disclose that it or the current creditor would be required by the IRS to report the forgiven $740.10 as Plaintiff's income, and issue a form 1099-C.

17. Therefore, Defendant's offer that Plaintiff's payment obligations would be satisfied in full is misleading, where Plaintiff would also have to pay an additional amount due to the proposed settlement.

18. Defendant's statement that the $398.51 offer represented a 35% savings of the total balance is false, as the offer would be for a 65% savings of the total balance.

19. Upon information and belief, the Debt is past the applicable statute of limitations period within which Defendant or the creditor may commence a legal action to collect.

20. Defendant's letter failed to disclose that it could not commence a legal action against Plaintiff to collect the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

21. Plaintiff repeats and re-alleges each and every factual allegation above.

22. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 18, 2014

Respectfully submitted,

_____
Alexander Bachuwa
NY Bar No. AB0519
Thompson Consumer Law Group, PLLC
5235 E. Southern Avenue D106-618
Mesa, AZ 85206
(888) 595-9111
(866) 317-2674 (fax)
abachuwa@consumerlawinfo.com